# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 11-3637

CONSOLIDATION COAL COMPANY,

*Petitioner*,

*v.*

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR and
GEORGE BAILEY,

*Respondents*.

Petition for Review of a Decision
of the Benefits Review Board,
United States Department of Labor.
BRB No. 11-0142 BLA.

ARGUED SEPTEMBER 10, 2012—DECIDED JUNE 27, 2013

Before EASTERBROOK, *Chief Judge,* and CUDAHY and
KANNE, *Circuit Judges*.

CUDAHY, *Circuit Judge*. This is a case about a black lung
benefits claim. The main issue is the application of the
recently revived "15-year presumption" that the total
pulmonary or respiratory impairment of a coal worker

with 15 years experience in the mines is due to pneumoconiosis (commonly known as "black lung") for the purposes of the Black Lung Benefits Act (the Act). 30 U.S.C. §§ 901 et seq.

The Act was enacted in 1972 as an amendment to the Health and Safety Act to compensate coal miners who were totally disabled due to pneumoconiosis. *See Usery v. Turner Elkhorn Mining Co.*, 428 U.S.1, 8-9 (1976). For the purposes of the Act, the miner may either have "clinical" or "legal" pneumoconiosis. 20 C.F.R. § 718.201. The latter is defined as "any chronic lung disease or impairment . . . arising out of coal mine employment." Any chronic lung disease that is "significantly related to, or substantially aggravated by" exposure to coal mine dust is legal pneumoconiosis; dust need not be the sole or even primary cause of the disease. 20 C.F.R. §§ 718.201 (a)(1)-(b).

In 1972, the Act contained a provision creating a rebuttable presumption that coal miners who had worked for at least 15 years in underground mines or in surface mines with similar conditions and who suffered from a totally disabling respiratory or pulmonary impairment were totally disabled due to pneumoconiosis. *See* Pub. L. No. 92-303, § 4(c) (1972). In 1981, Congress removed this presumption for new claims. *See* Pub. L. No. 97-119, § 202(b)(1) (1981). In 2010, Congress revived the presumption for "claims filed after January 1, 2005, that were still pending on or after March 23, 2010." *Keene v. Consolidation Coal Co.*, 645 F.3d 844, 847 (7th Cir. 2011); *see* 30 U.S.C. § 921(c)(4).

George Bailey was employed by Consolidation Coal (Coal) at a surface mine for 26 years. He primarily operated bulldozers to load coal in very dusty conditions. He also smoked several cigarettes each day for many years; the actual number of pack years is disputed by the parties. Bailey has been diagnosed with chronic obstructive pulmonary disease (COPD) and is seeking benefits under the Act. In order to be awarded benefits under the Act, Bailey must satisfy four elements: (1) that he suffers from pneumoconiosis; (2) that his pneumoconiosis was caused by coal mine employment; (3) that he is totally disabled by a pulmonary or respiratory impairment; and (4) that impairment is caused, at least in part, by pneumoconiosis. *Keene*, 645 F.3d at 848.

He has filed four claims for black lung benefits. The first three claims were considered during the decades-long interval when the 15-year presumption was absent from the Act. The first two claims were denied, and he withdrew his third claim.

Bailey filed his first claim in 2000. In connection to that claim, Bailey was examined by Dr. Rhody Eisenstein. Eisenstein diagnosed Bailey with COPD, which was attributed to "inherited factors" and "mining exposure." Eisenstein noted that Bailey's disability was minor. The Director denied this claim, noting that the evidence did not show "the presence of pneumoconiosis"; or "that the disease was caused at least in part by coal mine work"; or that Bailey was "totally disabled."

Bailey filed his second claim in 2003 and he was examined by Dr. P. B. Sanjabi. Sanjabi diagnosed Bailey with

COPD and possibly coal workers' pneumoconiosis, attributable to smoking and exposure. Sanjabi noted with respect to Bailey's condition that "some limitation is expected due to COPD." The Director denied this claim, concluding that the evidence did "not show that the miner is totally disabled by the disease."

Bailey filed his current claim in 2007. He was examined by Drs. William Houser and Peter G. Tuteur, and his medical file was reviewed by Dr. Byron T. Westerfield. All three doctors agreed that Bailey is totally disabled by COPD. Bailey and Coal submitted four pulmonary function tests. In a pulmonary function test, the examinee's condition is measured first before the application of a bronchodilator and subsequently after the application of a bronchodilator. The height, age and sex of the examinee establish the benchmarks for evaluating results. However, examiners did not list height consistently for Bailey, listing him on subsequent measurements as 68, 69, 71, and 69 inches respectively. All four tests that were conducted before the application of a bronchodilator returned results establishing total disability for a male 69 to 71 inches tall. However, only the two most recent tests that were conducted after the application of the bronchodilator returned results establishing disability for a male 69 to 71 inches tall.

Due to the fact that he had previously filed rejected claims, Bailey was required to show a change in condition in his fourth claim. The Director must first complete a subsequent claim inquiry before moving to an overall claim analysis. Evidence collected after the prior rejec-

tion must show that the claimant now satisfies a previously deficient element. While Bailey's fourth claim was under consideration, Congress restored the 15-year presumption. The main issue in this case is what impact this restoration has on subsequent claim analysis.

The Director issued a proposed decision awarding benefits. Coal requested a hearing before an administrative law judge (ALJ). Upon review, the ALJ first conducted a subsequent claim inquiry and determined that Bailey's medical condition had worsened to the point that he was now totally disabled.[1] The ALJ, using the 15-year presumption, held that Bailey can now establish pneumoconiosis caused in part by exposure to coal dust, two elements that had been deficient in his previous claims. The ALJ proceeded to analyze Bailey's overall claim, applied the 15-year presumption, and awarded the benefits on the basis of total pulmonary impairment. However, the ALJ did not determine Bailey's height, nor did it consider if Coal had rebutted the 15-year presumption in the subsequent claim analysis.

---

[1] On the record before us, it is difficult to determine if the Director, in rejecting the second claim, found that Bailey was not totally disabled. The Director noted that evidence did "not show that the miner is totally disabled by the disease." This could mean that the Director found that Bailey was not totally disabled or that Bailey was totally disabled but not due to COPD. Because it is unclear if the finding of total disability was deficient in the second claim, we will instead focus on the subsequent inquiry findings of pneumoconiosis and a relationship to coal dust exposure.

Coal appealed to the Benefits Review Board. The board affirmed. Coal petitioned this court for review of the decision of the Benefits Review Board and argues that the ALJ first incorrectly applied the 15-year presumption to find a change in Bailey's condition during the subsequent claim inquiry and second that the ALJ erred in finding that Bailey satisfies the elements for benefits under the Act without considering whether Coal had rebutted the 15-year presumption.

The Board had jurisdiction under 33 U.S.C. § 921(b)(3). This court has jurisdiction under 33 U.S.C. § 921(c). We review the ALJ decision and cannot overturn that decision if it is "rational, supported by substantial evidence, and consistent with governing law." *Freeman United Coal Co. v. Hunter*, 82 F.3d 764, 767 (7th Cir. 1996).

## I.

Coal's primary argument is that the 15-year presumption cannot be used to establish an element of entitlement for purposes of demonstrating a change in medical condition. An examination of the relevant statutory language does not support this contention, especially in light of our previous analysis of subsequent claims under the Act and the deference this court gives to the Director's interpretation.

We addressed the proper handling of subsequent applications for benefits under the Act in *Peabody Coal*

*Co. v. Spese*, 117 F.3d 1001 (7th Cir. 1997) (en banc).[2] We concluded in *Spese* that a new application for benefits is permissible when a grant of a new application would be consistent with the conclusion that the denial of the earlier application was correct. *Id.* at 1008. "To prevail on the new claim, therefore, the miner must show that something capable of making a difference has changed since the record closed on the first application." *Id.*

In *Spese*, we dealt with a material change in the miner's physical condition; x-rays taken after his first claim denial returned positive results. In the case before us, it is primarily the change of the law has allowed Bailey to establish a previously deficient element. Under the reasoning of *Spese*, we see no reason why a subsequent change analysis should treat a change in the applicable law any differently than a material change in the physical condition of the miner. In either situation, it is possible to say that the initial denial was correct but that the miner is *now* entitled to benefits.

Our treatment of a material change predicated on a change in the applicable law comports with the text of the Act. A subsequent claim inquiry must show that "one of the applicable conditions of entitlement" as set out in 20 C.F.R. § 725.202(d) has changed since the denial of the earlier claim. 20 C.F.R. § 725.309(d). Section 725.202(d) lists

---

[2] We note that "[w]hile it is true that *Spese* interpreted an earlier version of § 725.309, . . . the revised regulations explicitly codified the holding of *Spese*." *Midland Coal Co. v. Dir., Office of Workers' Comp. Programs*, 358 F.3d 486, 489-90 (7th Cir. 2004).

the elements of a claim, including that the claimant has pneumoconiosis, as set out in § 718.202, and that this pneumoconiosis contributes to the claimant's total disability, as set out in § 718.204. These sections set out the elements of entitlement and incorporate regulatory definitions of those elements.

There is nothing in any of these sections that precludes the use of the 15-year presumption to show a change in condition. Indeed, these sections specifically mention that the elements of pneumoconiosis and disability causation, respectively, can be established by the 15-year presumption. This point is incorporated in 20 C.F.R. § 718.305. *See* 20 C.F.R. § 718.202(a)(3) ("If the presumption[] described in § . . . 718.305. . . [is] applicable, it shall be presumed that the miner is or was suffering from pneumoconiosis."); 20 C.F.R. § 718.204(c)(2) ("Except as provided in § 718.305 . . . proof that the miner suffers . . . from a totally disabling respiratory pulmonary impairment . . . shall not, by itself, be sufficient to establish that the miner's impairment is or was due to pneumoconiosis."). As the 15-year presumption is now built into the definitions of elements, the 15-year presumption can be used to show a change in condition. Even if the language regarding the use of the 15-year presumption were susceptible to other readings, we would defer to the Director's reasonable interpretation of the statute. *See Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 845 (1984); *Midland Coal Co. v. Dir., Office of Workers' Comp. Programs*, 358 F.3d 486, 490 (7th Cir. 2004).

Coal also argues that by applying a new presumption to old facts, the ALJ essentially violated the principle of res judicata. This argument is similarly without merit. The ALJ did not simply reevaluate old claims but followed the approach we set out in *Spese*. *See Midland Coal Co.*, 358 F.3d at 489 ("[T]raditional principles of *res judicata* do not bar a subsequent application for black lung benefits where a miner demonstrates a material change in at least one of the conditions of entitlement."). Indeed, the ALJ cannot exercise "plenary review of the evidence behind the [previous] claim." *Lisa Lee Mines v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 86 F.3d 1358, 1363 (4th Cir. 1996) (en banc). Instead, the ALJ merely compared the evidence in the previous claim to the subsequent claim, as instructed by 20 C.F.R. § 725.309. The ALJ first determined that Bailey's condition had worsened to the point of total disability and that, in light of the 15-year presumption, he can show pneumoconiosis caused in part by exposure to coal dust. Then the ALJ assessed the entirety of the evidence (including earlier findings) and concluded that, again in light of the 15-year presumption, Bailey was due benefits.

Both of Coal's arguments involve the same anomalous situation: Bailey enjoys a 15-year presumption in the evaluation of the present claim but not in previous claims. But this cannot be a meritorious objection—of course, Bailey's adjudicators must apply the law in effect at the time of a decision. Congress has reintroduced the presumption and Bailey can utilize that presumption, regardless of the law in effect at previous evaluations.

Having determined that the ALJ can apply the 15-year presumption to a subsequent claim, we must now analyze whether the ALJ correctly concluded that Bailey satisfied the requirements for the presumption. The ALJ found that Bailey worked in conditions comparable to underground mine work and that he was totally disabled. Both findings are supported by substantial evidence.

### A. Dusty Conditions

Bailey "was exposed to coal dust coming up to him on coal cars, which were within 2-3 feet of him and the fan on which 'kept blowing it right back in [his] face.'" A-5 (quoting Tr. 18). And he described the mine's dust-control efforts "as consisting of a single water truck . . . [that] was 'pretty well insufficient to take care of any dust.'" A-5 (quoting Tr. 20). Based on this and other testimony, the ALJ concluded that Bailey's working "conditions were substantially similar to conditions in an underground mine." This finding is in line with case law concerning outdoor but excessively dusty coal environments. *See, e.g., Blakley v. Amax Coal Co.*, 54 F.3d 1313, 1319 (7th Cir. 1995).

### B. Total disability

Medical opinion and pulmonary function tests support a finding of total disability. Two of the recent pulmonary tests qualify Bailey as totally disabled. Coal, relying on *Toler v. Eastern Association Coal Co.*, 43 F.3d 109, 114 (4th Cir. 1995), argues that because his calculated height is

not uniform for these tests, the ALJ erred in considering them. In *Toler*, three examinations were at issue, and a height discrepancy meant that Toler either qualified under two of the tests or under none of the tests. Thus, the failure to resolve the height of the claimant in *Toler* was reversible error. However, the present case is dissimilar from *Toler* in two important respects. The height discrepancy in this case has a far smaller impact—Bailey would qualify prior to the application of the bronchodilator in all four tests for the range of heights listed, and would qualify in two tests after the application of the bronchodilator. Further, even if Bailey's pulmonary function tests were muddled, the ALJ could rightly rely on medical opinion to establish total disability. All of the physicians who evaluated Bailey in connection with his subsequent claim—including Coal's own experts, Drs. Tuteur and Westerfield—reported that he was totally disabled.

## II.

Coal correctly notes that the ALJ erred by failing to address in its subsequent claim analysis whether Coal had rebutted the 15-year presumption, with Coal attributing Bailey's COPD to his smoking history rather than his coal dust exposure. However, this omission was harmless, since the ALJ did address this argument in its ruling on whether Coal has successfully rebutted Bailey's claim on the merits.

Even if the ALJ had not addressed this argument, we would be inclined to find this error harmless. It is no secret that the 15-year presumption is difficult to rebut

and Coal has adduced no substantial evidence on record that undermines Bailey's claim.

Coal relied on Dr. Tuteur's testimony that Bailey's pulmonary disease is of uncertain origin and Dr. Westerfield's testimony that Bailey's COPD was due to smoking. However, Tuteur's uncertainty cannot rebut the presumption, which specifically notes that the unknown origin of the disease may not disqualify a claim. 20 C.F.R. § 718.305(d) ("[I]n no case shall the presumption be considered rebutted on the basis of evidence demonstrating the existence of a totally disabling obstructive respiratory or pulmonary disease of unknown origin."). Westerfield also noted that, had Bailey smoked for less than 10 pack years, Bailey would have suffered little harm from smoking. The ALJ credited Bailey's testimony that he had only an 8.75 pack-year smoking history, and so reasonably discounted Westerfield's diagnosis of COPD attributable to smoking. We owe the ALJ considerable deference in determinations of witness credibility. *See Canteen Corp. v. NLRB*, 103 F.3d 1355, 1363 (7th Cir. 1997).

The ALJ correctly determined that the 15-year presumption applied to subsequent claim inquiries. It applied the presumption in this case and in light of the new evidence presented, determined that Bailey suffers from pneumoconiosis. The ALJ addressed evidence relating to Bailey's health and his smoking history, and delivered a decision "rational, supported by substantial evidence, and consistent with governing law." We AFFIRM.