NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0294n.06

Case No. 24-3733

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

<table>
<tr><td>SOUTHERN OHIO COAL COMPANY, et al.<br><br>Petitioners,<br><br>v.<br><br>DIRECTOR, OFFICE OF WORKERS'<br>COMPENSATION PROGRAMS, UNITED<br>STATES DEPARTMENT OF LABOR, et al.<br><br>Respondents.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>ON PETITION FOR REVIEW OF<br>AN ORDER OF THE BENEFITS<br>REVIEW BOARD, UNITED<br>STATES DEPARTMENT OF<br>LABOR<br><br><br>OPINION</td></tr>
</table>

Before: THAPAR, READLER, and BLOOMEKATZ, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Southern Ohio Coal Company petitions for review of a black lung benefits award to Walter Tomblin, who worked as a coal miner for almost two decades, including in mines Southern Ohio operated. Tomblin later became disabled from respiratory issues. After he did, he filed a claim under the Black Lung Benefits Act, which provides benefits (ultimately at the mine operator's expense) for miners who suffer "total disability" from "pneumoconiosis"—more familiarly, black lung disease—"arising out of employment in . . . [a coal] mine." 30 U.S.C. §§ 932(a), 934(b)(1).

An administrative law judge (ALJ) found that Tomblin was entitled to such benefits "commencing in June 2015"—the date he became totally disabled. *Tomblin v. S. Ohio Coal Co. (Tomblin I)*, No. 2021-BLA-05249, slip op. at 30 (U.S. Dep't of Lab. May 17, 2023). Southern

Ohio appealed the decision to the Benefits Review Board. There, the company argued that Tomblin's benefits should have been allowed to begin no earlier than August 2019—the date he filed his claim. *Tomblin v. S. Ohio Coal Co. (Tomblin II)*, No. 23-0354 BLA, slip op. at 3 (Ben. Rev. Bd. June 26, 2024) (per curiam). The Board affirmed, *id.* at 4–5, and Southern Ohio petitioned for review.

As we turn to Southern Ohio's petition, it bears noting the many points of agreement between the parties. Start with the consensus that Tomblin's tour of duty in Southern Ohio's mines entitles him to some benefits under the Act. *See* 30 U.S.C. § 932(a). All likewise agree that, as the ALJ concluded, Tomblin was totally disabled in June 2015. What remains for resolution is whether his benefits should have started accruing on that date. That would be the case if, as the ALJ found, and the Board agreed, June 2015 was "the month of onset of total disability due to pneumoconiosis." 20 C.F.R. § 725.503(b). If, on the other hand, as Southern Ohio believes, "the evidence does not establish the month of onset," "the month during which the claim was filed," which all agree is August 2019, would govern. *Id.* We consider anew the Board's legal conclusions. *See Island Creek Coal Co. v. Young*, 947 F.3d 399, 403 (6th Cir. 2020).

A regulation, 20 C.F.R. § 718.204(c)(2), sets forth how the "causes of a miner's total disability" may be proven. The method Tomblin invoked allowed him to show pneumoconiosis caused his disability by initially demonstrating that he mined coal for 15 years and was totally disabled by a respiratory condition. 20 C.F.R. § 718.305(b)(1). As Southern Ohio concedes that both aspects were met, we begin by presuming that Tomblin was "totally disabled due to pneumoconiosis" as of June 2015. *Id.* § 718.305(c)(1).

Southern Ohio fails to rebut this presumption. To do so, it must show either that Tomblin did not have pneumoconiosis in June 2015 or, if he did, that the condition "caused" "no part of"

2

the "total disability" that had manifested by that date. *Id.* § 718.305(d)(1); *Island Creek*, 947 F.3d at 403–04. The ALJ disagreed with the company on both fronts, *Tomblin I*, slip op. at 28–30, a conclusion the Board affirmed, *Tomblin II*, slip op. at 5 & n.9. On appeal, Southern Ohio, other than claiming in passing that the company "developed medical evidence to rebut th[e] presumption," Br. Pet'rs 4, has identified no error in this aspect of the Board's decision, thereby forfeiting the point, *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022).

Alternatively, Southern Ohio argues that Tomblin failed to clear an additional hurdle purportedly imposed by 20 C.F.R. § 718.204(c)(2), again, the regulation addressing causation in black lung claims. Section (c)(2) contains two sentences. The first limits when total disability is "sufficient" to show causation "by itself": "Except as provided in § 718.305 . . . , proof that the miner suffers or suffered from a totally disabling respiratory or pulmonary impairment . . . shall not, by itself, be sufficient to establish that the miner's impairment is or was due to pneumoconiosis." 20 C.F.R. § 718.204(c)(2). The second limits the type of evidence that generally can prove "the cause" of "total disability": "[T]he cause or causes of a miner's total disability shall be established by means of a physician's documented and reasoned medical report." *Id.*

Seizing on this second sentence, Southern Ohio argues that the ALJ (and thus the Board) did not rely on any "documented and reasoned medical report" linking Tomblin's total disability to pneumoconiosis. *Id.* Either way, Southern Ohio ignores an important feature of the first sentence, namely, that proof of total disability "shall not, by itself, be sufficient" to establish causation "*[e]xcept* as provided in § 718.305." *Id.* (emphasis added). A fair reading of that text leads one to conclude that when § 718.305 (i.e., the 15-year presumption) does apply, such proof *shall* be "sufficient" "by itself." *Id.* Said differently, the second sentence's limitation on such

evidence is irrelevant here. *Cf. Consolidation Coal Co. v. Dir., OWCP*, 721 F.3d 789, 794 (7th Cir. 2013) ("[N]othing in [§ 718.204(c)(2)] precludes the use of the 15-year presumption . . . ."). And as Tomblin benefited from that unrebutted 15-year presumption, he had "sufficient" evidence to "establish[]" the "causes of [his] total disability." 20 C.F.R. § 718.204(c)(2). Nothing more was necessary.

\* \* \* \* \*

We deny the petition.